# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ANGELA M. WALTON,

 Plaintiff,

v.               Case No. 3:24-cv-581-MMH-PDB

THE HONORABLE JOHN
MERRETT, et al.,

 Defendants.

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 12; Report), entered by the Honorable Patricia Barksdale, United States Magistrate Judge, on October 28, 2024. In the Report, Judge Barksdale recommends that the federal claims in Plaintiff, Angela Walton's, 42 U.S.C. § 1983 Civil Rights Complaint (Doc. 1) be dismissed, that the Court decline to exercise supplemental jurisdiction over any state-law claims, and that the case be closed. See Report at 40.[1] On November 18, 2024, Walton filed objections to the Report. See Plaintiff's Objections to Magistrate's Report and Recommendation (Doc. 13; Objections).

---

[1] Before issuing the Report, the Magistrate Judge granted Walton's application to proceed without prepaying fees or costs. See Order (Doc. 11), entered on October 25, 2024.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[2] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not"). Upon independent review of the file and for the reasons stated in Judge Barksdale's

---

[2] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 40–41.

Report, the Court will overrule the Objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

In the Objections, Walton expresses her dissatisfaction with the Report. See Objections at 4. However, she identifies no legal or factual error in the Magistrate Judge's determination that she lacks standing to bring claims on behalf of her son or the analysis of the merits of Walton's federal claims. See generally id. Indeed, Walton does not even object to the Magistrate Judge's recommendation that the federal claims be dismissed or the determination that any attempt by Walton to amend those claims would be futile. See generally id. Instead, Walton focuses her argument on the contention that her claims under the Florida Wrongful Death Act should survive dismissal. See generally id. But the Magistrate Judge did not reach the merits of her state-law claims and simply recommended the Court decline to exercise supplemental jurisdiction over those claims and, as such, that they be dismissed without prejudice. See generally Report. There is no error in the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction over the state-law claims.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff, Angela Walton's, Objections to the Report and Recommendation (Doc. 13) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 12) is **ADOPTED** as the opinion of the Court.

3. To the extent Walton brings claims for her son's injuries, those claims are **DISMISSED WITHOUT PREJUDICE**.

4. To the extent Walton brings claims seeking declaratory or injunctive relief, those claims are **DISMISSED WITHOUT PREJUDICE**.

5. In all other respects, Walton's federal claims against Defendants in their official and individual capacities are **DISMISSED WITH PREJUDICE**.

6. Walton's state-law claims against Defendants are **DISMISSED WITHOUT PREJUDICE**.

7. The Clerk of the Court is directed to enter **JUDGMENT** in favor of John Merrett, Diidre Wells, Ms. Trudeau, and Robert Davis, and against Angela Walton.

8. The Clerk of the Court is further **DIRECTED** to terminate all deadlines and motions as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 8th day of January, 2025.

*[Signature]*

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record